**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KEN POLA, ) | 3:11-cv-00679-LRH (WGC) |
|     Plaintiff, ) | |
|     vs. ) | **REPORT AND RECOMMENDATION** |
| FBI, *et. al.*, ) | **OF U.S. MAGISTRATE JUDGE** |
|     Defendants. ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. Before the court is Plaintiff's application for leave to proceed in forma pauperis. (Doc # 4.)[1]

**I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Refers to court's docket number.

1    In his application, Plaintiff indicates that he is unemployed. (Doc. # 4 at 1.) He was last
2    employed in July of 2009. (*Id.*) Plaintiff indicates that until May 1, 2011, he received $3,300
3    per month in rental income. (*Id.* at 2.) He has no money in cash or in a checking or savings
4    account. (*Id.*) He does own an interest in three real estate properties. (*Id.*) He lists Wyatt
5    Louis Pola as dependent upon him for financial support. (*Id.* at 3.) Plaintiff indicates that
6    he is currently homeless, and his expenses include $400 per month for food before he lost all
7    of his income. (*Id.*) He also lists the following expenses: $1,400 per month in housing
8    payments, an unknown amount of school loans.

9    While the court cannot precisely determine Plaintiff's ability to pay based on the
10   information contained in his application, the court finds it is unlikely Plaintiff would be able
11   to pay the $350 filing fee given his expenses and the fact that he has no monthly income.
12   Therefore, Plaintiff's application to proceed in forma pauperis (Doc. # 4) should be granted.

## II. DISMISSAL OF COMPLAINT

14   Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which
15   "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v.*
16   *Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. §
17   1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the
18   plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc);
19   *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

20   28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court
21   determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim
22   upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is
23   immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for
24   failure to state a claim upon which relief may be granted is provided for in Federal Rule of
25   Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)
26   when reviewing the adequacy of a complaint or amended complaint. Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

On October 18, 2011, the court held a hearing regarding various motions filed by Plaintiff. (*See* Minutes at Doc. # 11.) At that time, the court advised Plaintiff of various deficiencies with respect to his Complaint. (*Id.*) The court ordered Plaintiff to file an amended complaint, addressing the issues raised by the court at the hearing within twenty-one days, on or before November 8, 2011. (*Id.*) To date, Plaintiff has failed to file an amended complaint. Accordingly, the court recommends dismissal of this action with prejudice.

3

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED THAT**:

(1) Plaintiff's request to proceed in forma pauperis (Doc. # 4) be **GRANTED.** The Clerk of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status should not extend to the issuance of subpoenas at government expense.

(2) The action should be **DISMISSED WITH PREJUDICE**.

The parties should be aware of the following:

1.   That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:   April 30, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE